## IN EQUITY.

### Nicholas Baker vs. Stephen T. Martin and others.

A bill will be dismissed with costs, where due diligence is not used in its prosecution. Thus, where the Plaintiff filed his bill in April, 1847, against twenty-six Defendants, and subpœna to appear and answer, issued and served on eighteen of them, four of whom appeared and answered in August following, some by separate solicitors, to which answers Plaintiff filed replications in September next thereafter, (some of the Defendants in the bill were infants,) after which no steps had been taken by either party, until the following January, when the motion to dismiss for want of prosecution was made by the Defendants who had answered: *Held*, that the bill be dismissed with costs to the moving Defendants, and $10 costs of each motion.

*Motion to dismiss bill for want of prosecution.*—The bill was filed on the 15th of April, 1847, and subpœna to appear and answer issued and served upon some of the Defendants. The Defendants, Cornelius Peters and John Martin, appeared and put in their answer in August. Philip F. Brill, another Defendant, appeared by a separate solicitor, and put in his answer in August. Benjamin Germond and wife appeared by a third solicitor, and put in their answer in August. The Plaintiff filed a replication to each answer on the second day of September last; since which, no steps have been taken by any of the parties. Of twenty-six Defendants, eight have not been served with subpœna. Of these, one resides in Westchester county; one is said to be in Sullivan; one resides in the state of Ohio; two in the western part of this state; and the rest in the county of Dutchess. The Plaintiff resides in the latter county, and in the neighborhood of some of the Defendants. Some of the Defendants are infants, and no application has been made for the appointment of a guardian ad litem for them; no steps have been taken against the non-resident.

On this statement of facts, the Defendants who have answered, move to dismiss the bill for want of prosecution.

The Plaintiff's solicitor, who resides in the city of New York, swears that proceedings were stayed by the death of John Martin, who died on the 26th of September last; and that prior to that time he had been diligently endeavoring to ascertain the residence of the Defendants; and that he proceeded with the utmost diligence until the death of John Martin.

T. C. CAMPBELL, *for Defendant Brill.*

L. G. DODGE, *for Defendants, Germond and wife.*

J. EMOTT, JR., *for Defendant Peters.*

H. S. DODGE and E. Q. ELDRIDGE, *for Plaintiff.*

BARCULO, Justice.—It is unnecessary to enquire whether the Plaintiff could proceed without reviving the suit against the representatives of John Martin, or whether, if not, he has used due diligence in so reviving it. He must, at all events, show a satisfactory reason for not expediting the cause up to the time of John's death. (1 Barbour's Ch. Pr. 244.)

A period of more than five months elapsed between the time of filing the bill and the death of John. The Plaintiff's solicitor excuses himself in regard to three of the Defendants, by stating, that they were made parties as mortgagees of part of the premises in question, and there was reason to believe that the mortgages would be discharged before the other parties could be brought in, and then the bill might be dismissed as to them. If this were the only point of negligence, it might be excused.

But there is no excuse offered for not obtaining the appointment of a guardian ad litem for the infant Defendants.

Nor is there any sufficient excuse for not proceeding, by advertisement, against the non-resident Defendant. The affidavit is not explicit in this respect. It states that the solicitor was "unable to get precise information" further than that Rebecca Luyster resided in the state of Ohio.

There is no affidavit of the Plaintiff. It appears, however, by one of the affidavits on the part of the Defendant, that Plaintiff has resided upwards of 20 years within a short distance of the family of Thomas Martin, deceased, of whom most of the Defendants are descendants—said Rebecca being a daughter of said Thomas. It can hardly be supposed that the Plaintiff was ignorant of her place of residence; or at all events, that he could not ascertain it and furnish the information to his solicitor.

Nor does the Plaintiff's counsel answer that part of the Defendants' affidavit which states, that before the commencement of the suit, Stephen T. Martin, a brother of said Rebecca, went to New York, at Plaintiff's

request, and informed his solicitor of the places of residence of the Defendants.

It is impossible to discover anything like diligence on the part of the Plaintiff. The bill must therefore be dismissed, with costs to the moving Defendants, and $10 costs of each motion.